MIGUEL J. ARZUAGA, Plaintiff and Appellee, *v.* CÁNDIDO RAMÍREZ MUÑOZ, Defendant and Appellant.

No. 7431.   Argued November 23, 1936.—Decided December 22, 1936.

*Llorens Torres & O'Neill* for appellant.   *González Fagundo & González Jr.* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiff, Miguel J. Arzuaga, acquired title to certain property under a summary foreclosure proceeding brought by him against Cándido Ramírez Muñoz. Thereafter the said Miguel J. Arzuaga began a suit for unlawful detainer against Cándido Ramírez Muñoz and obtained a judgment in his favor which was appealed to the Supreme Court by the defendant and that court, on the 29th of May 1936, reversed the judgment of the District Court of Humacao on the ground that Cándido Ramírez Muñoz had a right of Homestead upon the property foreclosed. After the unlawful detainer suit was terminated Mr. Arzuaga deposited the sum of $500 in the District Court of Humacao, the value of the aforesaid homestead within the mortgage foreclosure

proceeding, inasmuch as it was within that proceeding that the claim was made. Subsequently the plaintiff filed a new suit in unlawful detainer, and it is from a judgment for the plaintiff that this appeal has been taken.

The effect of the decision of this court was that the plaintiff had no cause of action at the time he began the first suit of unlawful detainer, because the defendant had a right of homestead.

The plaintiff at some period of these proceedings, as before stated, deposited $500 in the mortgage proceeding. We gather from the record before us and the admissions of the parties that the defendant was duly notified of this deposit. No contention to the contrary is made.

The principal point raised by the appellant in the lower court and in this court now is that the $500 should have been paid into court in a regular "consignation" proceeding; that the payment of the money in the mortgage proceeding was not sufficient, especially as the debtor was not a party in that suit.

No great insistence is placed upon the fact that the debtor was not a party and we shall give it no special consideration for the reasons that will appear hereafter. The appellee has moved to dismiss the appeal as frivolous.

We feel bound to hold, and the appellant does not convince us to the contrary, that when a person obtains title to a piece of property subject to the homestead claim, he may rid himself of that claim by paying the lienor under the homestead law the amount of $500. This payment, we hold, can be made by cash, by certified check perhaps, and it surely can be effected by a payment into court of which the mortgage debtor is notified. It seems probable that the idea of the appellant is to retain possession of the property beyond the duration of his right as a lienor under the homestead law, and the courts should not lend their aid to him other than in protecting his homestead right.

742

The facts of this case are not disputed and the appellant himself has brought up the stenographer's notes to show the matters pending.

Other defenses were raised in the court below but they have been either abandoned or not insisted upon in this court.

The appeal will be dismissed as frivolous.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.

Mr. Justice Hutchison dissented.